# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
S.H., an infant under fourteen years of age by his mother and natural guardian, SONA ABDULLAEVA, and SONA ABDULLAEVA individually,

                                        Plaintiffs,

--against--

THE TJX COMPANIES, INC.,

                                        Defendant.
--------------------------------------------------------------------X

Index No.: 505966/2022
Date Purchased: 3/1/2022
**SUMMONS**

Plaintiff designates Kings County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
1745 East 12th Street
Brooklyn, NY 11229
County of Kings

**To the above-named Defendant:**

       **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Brooklyn, New York
              February 23, 2022

_____
YURIY PRAKHIN, ESQ.
LAW OFFICE OF YURIY PRAKHIN, P. C.
Attorneys for Plaintiffs
S.H., an infant b/m/n/g, SONA ABDULLAEVA,
and SONA ABDULLAEVA individually
1883 86th Street, 2nd Floor
Brooklyn, New York 11214
(718) 946-5099
Our File No.: 00295-AG

TO:    THE TJX COMPANIES, INC.
       c/o Secretary of State
       C T Corporation System
       28 Liberty Street
       New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
S.H., an infant under fourteen years of age by his mother and natural guardian, SONA ABDULLAEVA, and SONA ABDULLAEVA individually,

                            Plaintiffs,

    --against--

THE TJX COMPANIES, INC.,

                            Defendant.
---------------------------------------------------------------X

Index No.: 505966/2022
Date Purchased: 3/1/2022

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **LAW OFFICE OF YURIY PRAKHIN, P. C.**, complaining of the Defendant, respectfully allege, upon information and belief:

1. That at the time of the commencement of this action, Plaintiffs were and still are residents of the County of Kings, City and State of New York.

2. That the cause of action alleged herein arose in the County of Kings, City and State of New York.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That on October 6, 2021, and at all times herein mentioned, Defendant THE TJX COMPANIES, INC. was and still is a foreign business corporation licensed to do business in the State of New York.

5. That on October 6, 2021, and at all times herein mentioned, Defendant THE TJX COMPANIES, INC. operated a "Marshall's" store at the premises located at 1710 East 14th Street, in the County of Kings, City and State of New York.

2

6. That on October 6, 2021, and at all times herein mentioned, Defendant THE TJX COMPANIES, INC. operated a store at the premises located at 1710 East 14th Street, in the County of Kings, City and State of New York.

7. That on October 6, 2021, and at all times herein mentioned, Defendant THE TJX COMPANIES, INC. owned the premises, located at 1710 East 14th Street, in the County of Kings, City and State of New York.

8. That on October 6, 2021, and at all times herein mentioned, Defendant THE TJX COMPANIES, INC. leased the premises, located at 1710 East 14th Street, in the County of Kings, City and State of New York.

9. That on October 6, 2021, and at all times herein mentioned, the aforesaid premises were operated by Defendant THE TJX COMPANIES, INC.

10. That on October 6, 2021, and at all times herein mentioned, the aforesaid premises were managed by Defendant THE TJX COMPANIES, INC.

11. That on October 6, 2021, and at all times herein mentioned, the aforesaid premises were controlled by Defendant THE TJX COMPANIES, INC.

12. That on October 6, 2021, and at all times herein mentioned, the aforesaid premises were maintained by Defendant THE TJX COMPANIES, INC.

13. That at all times hereinafter mentioned, the Defendant, THE TJX COMPANIES, INC., repaired the aforesaid premises.

14. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its agents, servants/and or employees caused and created the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

15. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its

agents, servants/and or employees failed to properly correct the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

16. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its agents, servants/and or employees, failed to give proper warning and take the necessary precautions to protect persons lawfully on the premises of the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

17. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., failed to properly repair the subject location and thus allowed the dangerous, hazardous condition, condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

18. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., failed to properly inspect the subject location and thus allowed the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

19. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., failed to properly maintain the subject location and thus allowed the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

20. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., negligently repaired the subject location and thus allowed the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

21. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its agents, servants/and or employees, failed to properly manage and oversee the subject location and thus allowed the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

22. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its

4

agents, servants/and or employees allowed the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

23. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its agents, servants/and or employees, knew or should have know about the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location, failed to correct, warn and/or take proper precautions to protect patrons and more particularly the plaintiff herein.

24. That the foregoing accident and resulting personal injuries to the plaintiff were caused solely and wholly by the negligence, carelessness, culpable acts of this defendant and the defendants jointly and severally through their, agents, servants and/or employees.

25. That at all times hereinafter mentioned the defendant, THE TJX COMPANIES, INC., had actual notice of the subject the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

26. That at all times hereinafter mentioned the defendant, THE TJX COMPANIES, INC., had constructive notice of the subject the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

27. That after receipt of notice of the dangerous, hazardous, defective and trap like condition, the defendants, THE TJX COMPANIES, INC., failed to correct and/or remedy the aforementioned condition from the time when notice was first received up to and including the date of this incident.

28. That at all times hereinafter mentioned, the defendant, THE TJX COMPANIES, INC., caused and created the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

29. That at all times herein mentioned, the defendant, THE TJX COMPANIES, INC., through its

agents, servants/and or employees, had a duty maintain the subject premises, free from the dangerous, hazardous condition, more specifically, allowing dangerous/heavy objects to be displayed in an unsecure manner and location.

### AND AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF INFANT PLAINTIFF, S.H. AN INFANT UNDER FOURTEEN YEARS OF AGE

30. That at all times hereinafter mentioned, plaintiff, S.H., an infant under fourteen years of age by his mother and natural guardian, SONA ABDULLAEVA.

31. That at all times hereinafter mentioned, plaintiff, S.H., an infant under fourteen years of age by his mother and natural guardian, SONA ABDULLAEVA, was lawfully present at or within the aforesaid premises.

32. That on October 6, 2021, Plaintiff, S.H., an infant under fourteen years of age by his mother and natural guardian, SONA ABDULLAEVA, was caused to be severely and permanently injured while at or within the aforesaid premises.

### AND AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, SONA ABDULLAEVA, INDIVIDUALLY

33. Plaintiff, SONA ABDULLAEVA repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

34. At all times herein mentioned, Plaintiff, SONA ABDULLAEVA was the mother of the Infant Plaintiff, and as such, was entitled to the services, society and companionship of the Plaintiff, S.H.

35. That by reason of the foregoing, Plaintiff, SONA ABDULLAEVA has been

deprived of the services, society and companionship of Plaintiff, S.H.

36. That by reason of the foregoing, Plaintiff, SONA ABDULLAEVA has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

37. The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in that they were careless and negligent in disregarding its duties; in negligently, improperly supervising, oversee and control said premises; in negligently creating such an inherently dangerous condition and/or environment; in failing to undertake the correction thereof; in failing to provide safe and proper retail sales environment for the patrons, and more particularly the plaintiff; in exposing the plaintiff to danger and harm; in failing to inspect and observe; in failing to properly supervise; in causing plaintiff to be injured thereat and in failing to properly exercise due diligence and/or forbearance as to have avoided this accident and the injuries to the Plaintiff herein.

38. That said incident and resulting injuries to Plaintiffs were caused solely by reason of the negligence of the defendants herein, their agents, servants and/or employees and without any negligence on the part of the plaintiff contributing thereto.

39. That because of the above stated hazardous and dangerous conditions upon the subject premises, Plaintiff, S.H., was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a

resultant loss therefrom.

40. That by reason of the foregoing, Plaintiff, S.H., has been damaged in an amount which is in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction over this action.

41. That on October 6, 2021, while Plaintiff was lawfully at the aforesaid location, Plaintiff was caused to sustained severe and permanent injuries.

42. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises.

43. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

44. That because of the above stated hazardous and dangerous conditions upon the subject premises, Infant Plaintiff S.H. was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

45. That by reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    Brooklyn, New York
            February 23, 2022

                                        Yours, etc.

                                        _____
                                        YURIY PRAKHIN, ESQ.

## ATTORNEY'S VERIFICATION

YURIY PRAKHIN, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at LAW OFFICE OF YURIY PRAKHIN, P. C., attorneys of record for Plaintiffs, S.H. and SONA ABDULLAEVA. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated:   Brooklyn, New York
         February 23, 2022

_____
YURIY PRAKHIN, ESQ.

10